**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ELIAZIN BAHENA GARCIA; BETUEL GARCIA; )
GUADALUPE GARCIA; TERESA POPOCA )
SANCHEZ; G.G., a minor, by and through her )
father, HUGO GARCIA; THEESTATE OF REY )
MENDIOLA, by and through its Special )
Administrator, Nicholas L. Oswald; MAUREEN )
MENDIOLA, individually, as surviving spouse )
and heir at law of the deceased, Ray Mendiola; )
MELINA MENDIOLA and REYCRISTIAN )
MENDIOLA, as surviving children and heirs at law )
of the deceased, Ray Mendiola, )
)
       Plaintiffs, )
)
v. )  Case No.  6:19-cv-01024
)
HOWARD PHILLIPS and )
BIG DAWG EXPRESS, LLC, )
)
       Defendants. )

## COMPLAINT

      In support of this Complaint, Plaintiffs Eliazin Behena Garcia, Betuel Garcia, Guadalupe Garcia, Teresa Popoca Sanchez, G.G., a minor, by and through her father, Hugo Garcia, the Estate of Rey Mendiola, by and through its Special Administrator, Nicholas L. Oswald, Maureen Mendiola, Melina Mendiola, and Rey Cristian Mendiola allege and state as follows:

### Parties, jurisdiction, and venue

      1.    Plaintiffs Eliazin Behena Garcia ("Eliazin"), Betuel Garcia ("Betuel"), Guadalupe Garcia ("Guadalupe"), Teresa Popoca Sanchez ("Teresa"), and G.G., a minor, by and through her father, Hugo Garcia ("G.G.") are individuals who reside in North Carolina.

2.      Rey Mendiola died on June 26, 2018 in the accident at the heart of this lawsuit.  The Estate of Rey Mendiola (the "Estate")—was established in the District Court of Reno County, Kansas, Probate Division, and Nicholas L. Oswald has been appointed the Estate's Special Administrator.  Special Administrator Oswald's address is 330 W. 1st Ave., Hutchinson, KS 67501.

3.      Rey Mendiola was survived by his wife Maureen Mendiola, and his children, Melina Mendiola, and Rey Cristian Mendiola, all of whom reside in Illinois.

4.      Defendant Howard Phillips ("Phillips") is an individual who is believed to be a resident of Carthage, Texas.

5.      Defendant Big Dawg Express, LLC ("BDE") is a for-profit company headquartered in Texas.  BDE can be served at 513 County Road 110, Carthage, Texas 75633. For identification purposes, BDE's USDOT number is 3036073.

6.      This Court has personal jurisdiction over Plaintiffs as they have submitted themselves as the parties initiating this action.

7.      Phillips and BDE (collectively, "Defendants") transact business in Kansas. The accident and subsequent injuries to Plaintiffs underlying this suit occurred in Kansas while Phillips was in the course and scope of his employment for BDE. Moreover, Defendants negligently caused injury to a person in the state of Kansas while they were engaged in business in Kansas.  Thus, this Court has personal jurisdiction over Defendants.

8.      This Court has subject matter jurisdiction over the cause of action and personal jurisdiction over the parties' given their diversity of citizenship and the fact that the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a).

9.      Venue is proper here under 28 U.S.C. § 1391 because the acts and omissions that give rise to the claims asserted in this Complaint occurred in Thomas County, Kansas.

**The accident**

10.     Interstate 70 ("I-70") is a major four-lane highway that runs predominantly east and west through Thomas County, Kansas.

11.     There is a median between I-70's eastbound and westbound lanes, and at the location of I-70 relevant to this Complaint, the speed limit on the highway is 75 miles per hour.

12.     On June 26, 2018, at about 2:10 p.m., Eliazin Behena Garcia, Betuel Garcia, Guadalupe Garcia, Teresa Popoca Sanchez, G.G., and Rey Mendiola were all passengers in the same vehicle and were eastbound in the left lane on I-70.

13.     At about mile marker 57.9 of I-70, the driver of Plaintiffs' vehicle swerved to the left to avoid a large semi-truck tire that was in the left lane. After the initial swerve, the vehicle entered the median and upon re-entering the highway started to roll over.

14.     Plaintiffs' vehicle continued to roll numerous times for over 300 feet until coming to its final resting place on the south side of the highway.

15.     A highway patrol officer discovered a semi-truck had stopped within a mile of the accident because of a blown tire. Phillips was identified as the semi-truck driver for BDE and was in scope of his employment for BDE when the tire blew.

16.     The tire was discovered, and photographs reveal that the tire was nearly bald, lacking sufficient tread groove.

17.     The United States Department of Transportation's Federal Motor Carrier Safety Administration imposes a duty of semi-trucks to have sufficient tread groove for the safe operation of a semi-truck on a public highway for the safety of other highway drivers and passengers. See 49 C.F.R. 393.75(b).

**<u>Count 1 – Negligence Against Defendant Phillips and Vicarious Liability of BDE</u>**

18.     Plaintiffs Eliazin Behena Garcia, Betuel Garcia, Guadalupe Garcia, Teresa Popoca

3

Sanchez, G.G., a minor, by and through her father, Hugo Garcia, the Estate of Rey Mendiola, by and through its Special Administrator, Nicholas L. Oswald, Maureen Mendiola, Melina Mendiola, and Rey Cristian Mendiola (collectively, "Plaintiffs") incorporate all of the preceding paragraphs by reference here.

19.     Defendant Phillips was negligent and 100% at fault for the accident to the following actions and/or inactions:

      a.  Failing to inspect the semi-truck's tires prior to its operation;

      b.  Failing to remove the bald tire from the semi-truck and replace it with a tire having sufficient tread;

      c.  Driving the semi-truck with bald tires that did not have sufficient treat to be safe for operation on a roadway;

      d.  Failing to properly maintain the semi-truck for safe operation;

      e.  Failing to comply with the Federal Motor Carrier Safety Administration's regulations;

      f.  Causing a hazardous condition on a public roadway; and/or

      g.  Failing to remove a hazardous condition from a public roadway.

20.     Plaintiffs submit that BDE is, by way of its vicarious liability, 100% at fault and responsible for the negligent act and omissions of its agent, Phillips.

21.     As a result of the collision, Plaintiffs Eliazin Behena Garcia, Betuel Garcia, Guadalupe Garcia, Teresa Popoca Sanchez, and G.G. suffered severe bodily injury causing significant ongoing pain, physical limitation, and requiring future medical treatment to address their injuries.

22.     Additionally, since the collision, Plaintiffs Eliazin Behena Garcia, Betuel Garcia, Guadalupe Garcia, Teresa Popoca Sanchez, and G.G. have had a limited ability to perform day-to-day activities and have incurred wage loss.

23.     As a direct and proximate result of Defendants' negligent acts as set forth in this Complaint, Plaintiffs Eliazin Behena Garcia, Betuel Garcia, Guadalupe Garcia, Teresa Popoca Sanchez, and G.G. have sustained personal injuries that are permanent in nature and damages in excess of $75,000.00.

24.     Consequently, Plaintiffs Eliazin Behena Garcia, Betuel Garcia, Guadalupe Garcia, Teresa Popoca Sanchez, and G.G. pray for judgment against Defendants in an amount in excess of $75,000.00 for past medical expenses, future medical expenses, past and future lost services and disability, past and future wage loss, for non-economic damages, including but not limited to past and future pain, suffering, and disability, for costs of this action, and for such other and further relief as the court deems just and equitable.

## **Count 2 – Direct Negligence Against BDE**

25.     Plaintiffs incorporate all of the preceding paragraphs by reference here.

26.     Defendant BDE was negligent and 100% at fault for the accident through the doctrine of *respondeat superior* with respect to the following actions and/or inactions:

      a.   Negligent hiring of Defendant Phillips;

      b.   Negligent supervision of Defendant Phillips;

      c.   Failure to properly and adequately train Defendant Phillips;

      d.   Failure to perform an appropriate background check on Defendant Phillips.

      e.   Failing to inspect the semi-truck's tires prior to its operation;

      f.   Failing to remove the bald tire from the semi-truck and replace it with a tire having sufficient tread;

      g.   Permitting Defendant Phillips to drive the semi-truck with bald tires that did not have sufficient treat to be safe for operation on a roadway;

      h.   Failing to properly maintain the semi-truck for safe operation;

      i.   Failing to comply with the Federal Motor Carrier Safety Administration's regulations;

j.   Causing a hazardous condition on a public roadway; and/or

k.   Failing to remove a hazardous condition from a public roadway.

27.    As a result of the collision, Plaintiffs Eliazin Behena Garcia, Betuel Garcia, Guadalupe Garcia, Teresa Popoca Sanchez, and G.G. suffered severe bodily injury causing significant ongoing pain, physical limitation, and requiring future medical treatment to address their injuries.

28.    Additionally, since the collision, Plaintiffs Eliazin Behena Garcia, Betuel Garcia, Guadalupe Garcia, Teresa Popoca Sanchez, and G.G. have had a limited ability to perform day-to-day activities and have incurred wage loss.

29.    As a result of BDE's negligence, Plaintiffs Eliazin Behena Garcia, Betuel Garcia, Guadalupe Garcia, Teresa Popoca Sanchez, and G.G. have incurred medical bills and will need future medical care and services to address their injuries and disabilities.

30.    As a direct and proximate result of Defendant BDE's negligence as set forth in this Complaint, Plaintiffs Eliazin Behena Garcia, Betuel Garcia, Guadalupe Garcia, Teresa Popoca Sanchez, and G.G. have sustained personal injuries that are permanent in nature and damages that are in excess of $75,000.00.

31.    Consequently, Plaintiffs Eliazin Behena Garcia, Betuel Garcia, Guadalupe Garcia, Teresa Popoca Sanchez, and G.G. pray for judgment against Defendant BDE in an amount in excess of $75,000.00 for past medical expenses, future medical expenses, past and future lost services and disability, past and future wage loss, past and future pain, suffering, and disability, for costs of this action, and for such other and further relief as the Court deems just and equitable

## Count 3 – Survivorship Claim Against Defendants

32.    Plaintiffs incorporate all of the preceding paragraphs by reference here.

33.    As a direct and proximate result of Defendants' negligence, Rey Mendiola suffered

6

prior to his death.

34. Nicholas Oswald, as Administrator of the Estate, makes a claim on behalf of the Estate of Rey Mendiola for the conscious pain and suffering endured by Rey Mendiola prior to his death as a result of Defendants' negligence, pursuant to K.S.A. 60-1801.

35. As a direct and proximate result of Defendants' negligence, decedent suffered damages in an amount in excess of $75,000.00.

### Count 4 – Wrongful Death Claim Against Defendants Arising from Rey's Death

36. Plaintiffs incorporate all of the preceding paragraphs by reference here.

37. Plaintiffs Maureen Mendiola, Melina Mendiola, and Rey Cristian Mendiola make a claim against Defendants, pursuant to K.S.A. § 60-1901, et seq., for the wrongful death of Rey Mendiola.

38. Plaintiffs Maureen Mendiola, Melina Mendiola, and Rey Cristian Mendiola further contend that, as a direct and proximate result of Defendants' negligence as stated above and the resulting death of Rey Mendiola, Plaintiffs Maureen Mendiola, Melina Mendiola, and Rey Cristian Mendiola have sustained damages, including but not limited to, bereavement, mental anguish, pain and suffering, loss of services, loss of income, loss of companionship, loss of guidance, attention, protection, training, education, and loss of society, those damages characterized as "Wentling damages" as set out in *Wentling v. Anesth. Serv.*, 234 Kan. 503 (1985), and have incurred expenses for medical service costs and funeral arrangements.

39. As a direct and proximate result of Defendants' negligence, Rey's heirs have suffered damages in an amount in excess of $75,000.00.

### Prayer for relief

40. For the above reasons, Plaintiffs pray for judgment against Defendants Howard Phillips and BDE LLC, jointly and severally, in an amount in excess of $75,000.00 for all counts

and causes of action set forth above, and actual damages in an amount in excess of $75,000.00 for all counts and causes of action set forth above, together with costs of suit and reasonable attorney fees to be fixed by the Court, and for such other and further relief as the Court may deem just and equitable.

41.     In accordance with applicable Kansas law, the Plaintiffs respectfully demand a trial by a jury of all issues raised in this Complaint.

Respectfully submitted,

/s/Scott J. Mann
Scott J. Mann   (#12640)
Jesse Tanksley  (#24162)
Mann Wyatt & Rice, LLC
201 E. 1st Ave.
Hutchinson, KS  67501
(620) 662-2400
(620) 662-2443 (Fax)
smann@mannwyattrice.com
jtanksley@mannwyattrice.com

*Attorneys for Plaintiffs Eliazin Behena Garcia, Betuel Garcia, Guadalupe Garcia, Teresa Popoca Sanchez, G.G., a minor, by and through her father, Hugo Garcia, and the Estate of Rey Mendiola, by and through its Special Administrator, Nicholas L. Oswald*